(*) SOUTHARD *versus* PIPER & al.

Under the Act of 1844, c. 117, amended by the Act of 1847, c. 27, a woman, during coverture, may acquire property by purchase in her own exclusive right.

In property thus acquired, and paid for with her money, though the husband was the agent employed by her in making the purchase, he has no right of possession, and can maintain no action for taking it away against persons acting under her direction.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

TRESPASS for taking and driving away several cattle from a farm occupied by the plaintiff and his wife.

The farm with some other property belonged to the wife by a devise from her former husband. There was testimony tending to show that the cattle were purchased by the plaintiff, as agent for his wife, subsequent to their intermarriage, and paid for by her property; and that they were afterwards driven away by the defendants under her directions.

The Chief Justice instructed the jury that if the cattle were thus purchased by the plaintiff acting as the agent of his wife, and paid for by him with her property, and were

taken and driven away from the farm by her direction, the action was not maintainable.

The verdict was for the defendants, and is to be set aside if the instructions were erroneous.

*Ruggles* and *Ingalls*, for the plaintiff.

*Lowell* and *Carleton*, for the defendants.

WELLS, J. — The only difference between this case, and that of *Southard* v. *Plummer & al.*, reported in this volume, page 64, relates to the cattle, which were purchased by the plaintiff as the agent of his wife, and for which payment was made by her property.

By the Act of March 22, 1844, c. 117, § 1, which was amended by that of August 2, 1847, c. 27, "any married woman may become seized or possessed of any property, real or personal, by direct bequest, demise, gift, purchase or distribution, in her own name, and as of her own property," &c.

By these Acts the wife of the plaintiff could purchase property during coverture, and there does not appear to be any legal objection to the employment of her husband, or any other person, in making the purchase. While acting as her agent, he could not acquire any title to himself in the property purchased.

Although such property is acquired by the wife after coverture, she has the same control over it as she has over that which she possessed before the coverture. The third section of the Act of 1844, before mentioned, embraces property belonging to the wife at the time of the marriage, and that obtained by her afterwards. She has the control of it irrespective of the time when it is acquired.

*Judgment on the verdict.*

HOWARD and HATHAWAY, J. J., concurred.

RICE, J., dissented.